UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In Re:
MARLA J. SHEPARD,
        Debtor.                                               No. 7-07-10497 SA

SEAN E. SHEPARD,
        Plaintiff,

v.                                                                                   Adv. No.

MARLA J. SHEPARD,
        Defendant.

**COMPLAINT TO DETERMINE DISCHARGABILITY OF DEBTS**

COMES NOW Sean J. Shepard, a creditor, by and through counsel, and for his Complaint to Determine Dischargability of a Debts of the Debtor, Marla J. Shepard, states the following:

1. The debtor, Marla J. Shepard, (hereinafter "Debtor") filed a Chapter 7 bankruptcy on March 5, 2007.

2. The debtor did not list the Plaintiff herein, Sean E. Shepard (hereinafter "Plaintiff"), as a creditor in her bankruptcy schedules filed on March 5, 2007.

3. The debtor was granted a discharge in this Chapter 7 proceeding on June 13, 2007.

4. On September 24, 2007 the debtor filed her Motion to Reopen the above styled and numbered bankruptcy proceeding and to amended schedules and the statement of affairs.

5. On September 26, 2007 an order was granted by this court to reopen the aforementioned bankruptcy estate.

6. In the amended schedules filed by the debtor on October 26, 2007, the debtor did not list the Plaintiff by name as a creditor.

7. Plaintiff is a creditor of the debtor pursuant to a Final Decree of Dissolution of Marriage and a Verified Marital Settlement Agreement filed on April 27, 2006 and April 25, 2006 respectively.

8. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and this court has jurisdiction under 28 U.S.C. §1334(b).

9. Venue is proper in the District of New Mexico pursuant to 28 U.S.C. §1409.

10. This proceeding is brought by the Plaintiff to determine the dischargeability of certain debts pursuant to 11 U.S.C. §523(a)(15).

11. As previously mentioned, the parties were divorced in the Eleventh Judicial District Court, County of McKinley, State of New Mexico on April 27, 2006 and on April 25, 2006 a Verified Marital Settlement Agreement was entered into and filed with the Court by the parties.

12. In attachment "A" to the Verified Marital Settlement Agreement the parties agreed that the Debtor herein and the Respondent in the divorce proceedings would pay the following described debts:

> a. one-half of the Discover Card debt, #2177;
>
> b. one-half of the debt GEMB for the Itasca Motor Home;
>
> c. one-half of the mortgage to SunTrust Mortgage Company for the parties' first mortgage on real estate located at 1414 South Grand View Drive, Gallup, New Mexico;
>
> d. one-half of the second mortgage on the aforementioned real property to Ocwen; and,

13. The McKinley County District Court, in the Final Decree for Dissolution of Marriage, stated that: *"The parties are ordered to comply with the terms of the Verified Martial Settlement Agreement, the terms of which are incorporated hereby reference."*

14. The debtor in her Schedules D and F has listed the above named debts and has thereby sought the discharge of the aforementioned debts.

15. The aforementioned debts are debts to a former spouse not of the kind described in 11 U.S.C. §523(a)(5) that were incurred by the debtor in the course of a divorce separation agreement and order of a court of record of the State of New Mexico.

16. The court should determine that the aforementioned debts owed by the debtor are non-dischargeable under 11 U.S.C. §523(a)(15).

WHEREFORE, the Plaintiff prays that the court enter a judgment that the Plaintiff's claim against the debtor, and her obligations to the pay the debts mentioned

above, are not dischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(15), that the Plaintiff be reimbursed by the Debtor for his costs and attorney's fees in pursuing this matter; and, for such other and further relief as the court may deem just and proper.

*Submitted Electronically*
MICHAEL J. CAPLAN
Attorney for Plaintiff
827 E. Santa Fe Avenue
Grants, New Mexico 87020
(505) 287-8891