UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
MARLA J. SHEPARD,
    Debtor.  No. 7-07-10497 SA

SEAN E. SHEPARD,
    Plaintiff,
v.  Adv No. 07-1177 S
MARLA J. SHEPARD,
    Defendant.

## MEMORANDUM OPINION

This matter comes before the court for trial on the merits to determine the dischargeability of certain debts of the defendant/debtor Marla J. Shepard. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334. This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), which gives this Court authority to enter final judgment. This Court finds that the debts incurred by defendant/debtor in the Marital Settlement Agreement are non-dischargeable under § 523(a)(15).

### Findings of Fact

The underlying facts in this case were not in dispute, and were established by the defendant/debtor's testimony and two exhibits introduced into evidence by stipulation.

Debtor and Plaintiff are former spouses pursuant to a Final Decree of Dissolution of Marriage dated April 27, 2006 ("Divorce

Decree").[1] Just prior to the entry of the Divorce Decree, the parties executed and filed their Verified Marital Settlement Agreement ("Marital Settlement Agreement").[2] On March 5, 2007, debtor filed her Chapter 7 bankruptcy.[3] Debtor did not list Plaintiff as a creditor, but did list the individual debts in question and received a discharge on June 13, 2007.[4]

Plaintiff alleges that four debts addressed in the Marital Settlement Agreement are non-dischargeable under 11 U.S.C. § 523(a)(15). Section 523(a)(15) provides that a discharge under § 727 does not discharge a debt:

> ... to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit-

Debtor denies non-dischargeability, arguing that the debt was not "incurred in the course of a divorce or separation."

---

[1] Amended Stipulation Ex. A, Final Decree of Dissolution of Marriage in the New Mexico Eleventh Judicial District Court No. DM06-145-7.

[2] Amended Stipulation Ex. B, Verified Marital Settlement Agreement 'Attachment A'. The agreement lists four debts for which each party has agreed to pay half: Discover card 2177; 1998 Itasca motor home; mortgage to SunTrust Mortgage Company on 1414 South Grandview Drive, Gallup, NM; and a second mortgage on 1414 South Grandview Drive.

[3] 7-07-10497 "Main Case", Doc. 1.

[4] Main Case, Doc. 24.

**Burden of Proof**

The party seeking to except a debt from discharge has the burden of proving the elements of the exception by a preponderance of the evidence.[5] All debts owed by a debtor at the time a bankruptcy petition is filed are discharged unless one of the enumerated exceptions to discharge applies.[6] Section 523 (a) lists exceptions to discharge for certain debts which Congress has determined should be non-dischargeable.[7] Normally exceptions to discharge are to be narrowly construed in favor of the debtor so as to promote the policy of a "fresh start" after bankruptcy.[8] However, the underlying public policy of §523 (a) favors the enforcement of familial obligations over the debtor's fresh start, and is therefore deserving of more liberal construction.[9]

---

[5] Grogan v. Garner, 498 U.S. 279, 287 (1991).

[6] 11 U.S.C. § 727.

[7] Cohen v .de la Cruz, 523 U.S. 213, 222 (1998). "The various exceptions to discharge in §523 (a) reflect a conclusion on the part of Congress that the creditors' interest in recovering full payment of debts in these categories outweigh[s] the debtors' interest in a completely fresh start."

[8] Jones v. Jones (In re Jones), 9 F.3d 878, 880 (10th Cir. 1993).

[9] See Busch v. Hancock (In re Busch), 369 B.R. 614, 621 (10th Cir. B.A.P. 2007) (citing Sampson v. Sampson (In re Sampson), 997 F.2d 717,721 (10th Cir. 1993)); Shaver v. Shaver (In re Shaver), 736 F.2d 1314, 1316 (9th Cir. 1984); Holliday v. Kline (In re Kline), 65 F.3d 749, 751 (8th Cir. 2000).

Page 3 of 8

Case 07-01177-s    Doc 15    Filed 06/30/08    Entered 06/30/08 16:07:43 Page 3 of 8

## Conclusions of Law

To be excepted from discharge under § 523(a)(15), a debt must meet three statutory elements: 1) be to a spouse, former spouse, or child of the debtor; 2) not be the kind of debt described in 11 U.S.C. § 523(a)(5); and 3) have been incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record.[10]

*I) Debt is to a* Former Spouse

Although the parties agree that Plaintiff is the former spouse of Debtor, there is some dispute as to whether the debts in question are debts 'to a former spouse'. The four contested debts in this case did not originate in the Divorce Decree or Marriage Settlement Agreement, but nonetheless are debts to a former spouse as required by § 523(a)(15).

Courts are divided on the issue of whether debts owed to a third party that are related to a separation or divorce agreement require an indemnity clause to be within § 523(a)(15). Some courts require an indemnity, or hold harmless, clause to create direct liability from the debtor to the former spouse.[11] Other

---

[10] Davis v. Hosterman (In re Hosterman), 2007 WL 2973592 (Bankr. N.D.Okla. 2007).

[11] Davis v. Davis (In re Davis), No 07-1097 at 7 (Bankr.M.D.Ala. Dec. 18, 2007); Stegall v. Stegall (In re Stegall), 188 B.R. 597 (Bankr.W.D.MO. 1995); Belcher v. Owens (In
(continued...)

courts hold that an obligation to pay debts arising out of a separation or divorce agreement run from the debtor to the ex-spouse without an express indemnity or hold harmless clause.[12] In the present case, there is no need to resolve this discrepancy because of the presence of a 'hold harmless' clause in the Marriage Settlement Agreement.[13]

*II) Debt is not Domestic Support*

To be excepted from discharge under § 523(a)(15), a debt must not be in the nature of support described in § 523(a)(5). While no evidence on this point was presented at trial, neither party has argued otherwise.[14]

---

[11](...continued)
re Owens), 191 B.R. 669 (Bankr.E.D.Ky. 1996).

[12]Gibson v. Gibson, 219 B.R. 195 (B.A.P. 6th Cir. 1998)(lack of hold harmless clause in separation agreement does not preclude exception from discharge); Johnson v. Johnson (In re Johnson), 2007 WL 3129951 (Bankr.N.D.Ohio 2007); Anderson, 2001 WL 34652937 at *2; Johnston v. Henson (In re Henson), 197 B.R. 299 (Bankr.E.D.Ark. 1996).

[13]Amended Stipulation Ex. B, Verified Marital Settlement Agreement, at 2. Hosterman, 2007 WL 2973592, at *3 (indemnity in a divorce decree created a debt from debtor to former spouse and was non-dischargeable.

[14]Plaintiff asserted with its complaint that these debts were not § 523(a)(5) debts and debtor, understandably, did not specifically deny that allegation. Doc. 1, ¶ 15; Doc. 4, ¶ 15. If the Court were to find that the debts were in the nature of support obligations, the debts would be excepted from discharge without further inquiry. Therefore, to construe the facts in the light most favorable to the debtor, the court finds that the debts are not a domestic support obligation. However, a prominent treatise on the Bankruptcy Code suggests that post-
(continued...)

*III) Debt was Incurred in Connection with a Divorce Decree*

The most contentious issue of this proceeding is the determination of whether the debts in question were 'incurred' in the course of the divorce under § 523(a)(15). Debtor claims that the debts were substantially incurred prior to her marriage, and as such the obligations were not incurred "in connection with" the Marital Settlement Agreement. This argument has been widely rejected.[15] The critical issue under § 523(a)(15) is not the timing but the nature of the debt.[16] Entry into the Marital Settlement Agreement created significant new legal consequences because it extinguished some pre-existing obligations between the former spouses and created new ones.[17] Despite any previous obligations or arrangements, the Marital Settlement Agreement created new rights to payment that were independent of the debtor's preexisting liability. The Marital Settlement Agreement

---

[14](...continued)
BAPCPA, "with respect to dischargeability in cases under chapters 7, 11 and 12, all of which base dischargeability on section 523(a), the distinctin between domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence." 4 Collier on Bankruptcy, ¶ 523.11[1], at 523-81 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. Rev.).

[15]Hosterman, 2007 WL 2973592 at *3; Schweitzer v. Schweitzer (In re Schweitzer), 370 B.R. 145, 152 (Bankr.S.D.Ohio 2007); Gibson, 219 B.R. at 204-05.

[16]Hosterman, 2007 WL 2973592 at *3.

[17]Gibson, 219 B.R. at 204-05.

Case 07-01177-s    Doc 15    Filed 06/30/08    Entered 06/30/08 16:07:43 Page 6 of 8

created obligations of the debtor to the plaintiff, including an obligation to hold harmless, and therefore "falls squarely within the exception to discharge set forth in § 523(a)(15)."[18]

Debt is defined in the Bankruptcy Code as liability on a claim.[19] A claim is a right to payment,[20] and the United States Supreme Court has defined a right to payment as "nothing more or less than an enforceable obligation."[21] Despite the fact that the Marital Settlement Agreement did not alter either parties' personal liability to third party creditors, it did create, or at least declare, an enforceable obligation running from Debtor to Plaintiff. Plaintiff's right to an enforceable obligation arising out of the Marital Settlement Agreement created new legal rights that are clearly within the exception to discharge in § 523(a)(15). This conclusion is not dependent on the presence of a hold harmless clause, but is bolstered by such language.

## Conclusion

Despite the principle that debtors are to receive a 'fresh start' after bankruptcy, Congress has created statutory exceptions to discharge. The enactment of § 523(a)(15), coupled

---

[18] Hosterman, 2007 WL 2973592 at *3; Schweitzer, 370 B.R. at 152.

[19] 11 U.S.C. § 101(12).

[20] 11 U.S.C. § 101(5)(A).

[21] Cohen v. de la Cruz, 523 U.S. at 218.

with § 523(a)(5), has created a comprehensive statutory framework for providing similar treatment to all obligations found in separation and divorce agreements.[22] Plaintiff has shown by a preponderance of the evidence that the debts in question fall squarely within this comprehensive framework. As such, the debts described in the Marital Settlement Agreement as debts to be shared by Debtor and Plaintiff are non-dischargeable under § 523(a)(15). A separate judgment consistent with the Memorandum Opinion is entered concurrently herewith.

/s/ James S. Starzynski
James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: June 30, 2008

COPY TO:

Michael J Caplan
827 E Santa Fe Ave
Grants, NM 87020-2458

David R Jordan
PO Box 840
Gallup, NM 87305-0840

---

[22] See Hosterman, 2007 WL 2973592 at *4. Prior to BAPCPA, §523 (a) (15) excepted debt from discharge unless the debtor did not have the ability to pay the debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor, or if discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child. After BAPCPA, there is no need to balance equities or make elaborate inquiries into reasonableness; all such debt is non-dischargeable.

Case 07-01177-s    Doc 15    Filed 06/30/08    Entered 06/30/08 16:07:43 Page 8 of 8